IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ELLIS, | No. C 09-00247 SBA (PR) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| J. D. BENNETT, | (Docket No. 8) |
| Defendant. / | |

Plaintiff, a state prisoner, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 alleging that Defendant violated his constitutional rights. Before the Court is Defendant's Motion for Summary Judgment (docket no. 8). For the reasons discussed below, the Court hereby GRANTS the Motion for Summary Judgment.

## DISCUSSION

### I. Procedural Background

The Court screened Plaintiff's complaint on November 20, 2009 (docket nos. 4, 6). In the order, the Court dismissed Plaintiff's claim related to his initial placement in administrative segregation and concluded that his Eighth Amendment excessive force and medical claims were sufficient to proceed. Service was ordered upon J. D. Bennett, the only defendant.

Defendant moved for summary judgment on May 25, 2010 (docket no. 8). The motion pertains only to the excessive force claim. Plaintiff filed an opposition on July 14, 2010 (docket no. 12), Defendant replied on September 9, 2010 (docket no. 19), and, with the Court's permission, Plaintiff filed a response to the reply on November 2, 2010 (docket nos. 34, 35).

### II. Motion for Summary Judgment

The motion for summary judgment addresses Plaintiff's contention that Defendant used excessive force against him by pulling his wheelchair backwards, causing him to pitch forward out of it.

///

### A.   **Excessive Force Standard**

"After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted).  Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.   Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley, 475 U.S. at 320-21.

### B.   **Analysis**

The following facts are undisputed except where indicated.

Plaintiff is confined to a wheelchair without the use of his legs (Decl. Hopkins at ¶ 6).  On March 18, 2005, he was in general population, living in a cell for disabled inmates (an "ADA cell") in Building 7 at Salinas Valley State Prison (Decl. Ellis at ¶¶ 6-7).  Prison authorities decided to use all of Building 7 for administrative segregation inmates, so general population inmates had to move (Decl. Bennett at ¶¶ 6-7).  A sergeant informed Plaintiff that he would be moving (Decl. Ellis at ¶ 10).  Plaintiff had just been released from the infirmary on March 16, two days before, following surgery for a broken femur (id. at ¶¶ 5-7).

Defendant, who was the Administrative Segregation Lieutenant on duty that night, was informed that Plaintiff was refusing to move (Decl. Bennett at ¶ 8).  Although Plaintiff vigorously contests that he was refusing – he says that he was just insisting on finishing his sink bath before going – he does not dispute that Defendant was told that he was refusing (Decl. Ellis at ¶ 10).  Also undisputed is Defendant's contention that he talked with Plaintiff for ten to fifteen minutes, trying to get him to move (Decl. Bennett at ¶ 11).

Defendant decided that rather than engage in a full-scale cell extraction, he would just grasp the handles of the wheelchair and pull Plaintiff backwards out of the cell (id. at ¶ 13).  At this point the parties' narratives diverge; Defendant contends that Plaintiff grabbed onto the sink and that as a result, when Defendant pulled the wheelchair backwards, Plaintiff was pulled out of it and fell to the floor (id. at ¶ 14).  Plaintiff contends that Defendant pulled the chair so hard

("energetically having vitality and force") that it was pulled out from under him, and that he grabbed the sink in a fruitless effort to save himself (Decl. Ellis at ¶¶ 16-17). Defendant's pulling the wheelchair is the excessive force that gave rise to this claim.

Plaintiff contends he defecated and urinated on himself when he fell, and that he lay on the floor without medical help or care for two hours (id. at ¶ 19). Defendant contends that the fall occurred at about 9:10 or 9:15 p.m., that the nurse he had called arrived at 9:15, and that the fire department arrived to transport Plaintiff at 9:55 p.m. (Decl. Bennett at ¶¶ 10, 11, 17, 18). Plaintiff's contention that he was left on the floor for two hours without aid depends on his contention that the fall occurred at 7:15 p.m., whereas Defendant places it at 9:10-9:15 p.m. (Decl. Ellis at ¶ 11; Decl. Bennett at ¶¶ 10-17). As Defendant points out, in his administrative appeal, Plaintiff said that it occurred at 9:50 p.m. (Supplemental Decl. Brinkman, Ex. A at AG 26).[1] In any event, this fact issue need not be considered further here, because the motion for summary judgment does not go to Plaintiff's medical care claim, and can be resolved as to the excessive force claim on the "maliciously and sadistically to cause harm" element.

The crucial point is what Defendant did when he pulled Plaintiff's wheelchair. Because that point is contested, the Court will treat Plaintiff's version as true in ruling on the motion. See Leslie v. Grupo ICA, 198 F.3d 1152, 1158 (9th Cir. 1999) (if evidence produced by moving party conflicts with evidence produced by nonmoving party, court should assume the truth of nonmoving party's evidence). Assuming the truth of Plaintiff's contentions, the evidence that Defendant acted maliciously and sadistically to cause harm is that (1) he became angry with Plaintiff's delay; and (2) used "vitality and force" in pulling the wheelchair backwards. This evidence, at most, could show a lack of due care, i.e., negligence. However, negligence is insufficient to show excessive force, and Plaintiff's evidence is insufficient to generate a genuine issue of material fact as to the malicious and sadistic standard. See In re Oracle Corporation Secs. Litig., 627 F.3d 376, 387 (9th Cir. 2010) ("[The nonmoving party's] burden is not a light

---

[1] In his response to the reply, Plaintiff contends that he put the "9:50" time in the administrative appeal in error, confusing the time of his fall with the time the fire department arrived to transport him (Resp. at 6-7).

3

one . . . [he or she] must show more than the mere existence of a scintilla of evidence . . . more than show there is some 'metaphysical doubt' as to the material facts at issue." (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). Accordingly, the motion for summary judgment on the excessive force claim is GRANTED. See Celotex Corp., 477 U.S. at 323.

## CONCLUSION

In light of the foregoing,

1. Defendant Bennett's motion for summary judgment (docket no. 8) is GRANTED.

2. No later than thirty (30) days from the date this order is entered, Defendant shall file a motion for summary judgment or other dispositive motion as to the medical care claim. If Defendant is of the opinion that the claim cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than thirty (30) days after the date on which Defendant's motion is filed

If Defendant wishes to file a reply brief, he shall do so no later than thirty (30) days after the date Plaintiff's opposition is filed.

The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. This Order terminates Docket No. 8.

IT IS SO ORDERED.

DATED: March 31, 2011.

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

4

**United States District Court**
For the Northern District of California

| | |
|---|---|
| BENJAMIN ELLIS, | |
| Plaintiff, | Case Number: CV09-00247 SBA |
| v. | **CERTIFICATE OF SERVICE** |
| J.D. BENNETT et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 5, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Benjamin F. Ellis P16230
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: April 5, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk