IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ELLIS, | No. C 09-00247 SBA (PR) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| J. D. BENNETT, | (Docket No. 42) |
| Defendant. / | |

This is a civil rights case filed pro se by a state prisoner. Before the Court is Defendant's Supplemental Motion for Summary Judgment. For the reasons discussed below, the Court hereby GRANTS the motion.

**DISCUSSION**

**I.  Procedural Background**

The Court screened Plaintiff's complaint on November 20, 2009. In the order, the Court dismissed Plaintiff's claim related to his initial placement in administrative segregation, but concluded that his Eighth Amendment excessive force and medical claims were sufficient to proceed. Service was ordered upon J. D. Bennett, the only defendant.

Defendant moved for summary judgment on the excessive force claim on May 25, 2010. The Court granted the motion on March 31, 2011. In the order granting the motion the Court set deadlines for a motion for summary judgment on the medical claim. Defendant filed his supplemental motion for summary judgment on June 7, 2011. Plaintiff filed an opposition on July 15, 2011. Defendant replied on August 10, 2011, and, with the Court's permission, Plaintiff filed a response to the reply on September 22, 2011.

**II.  Motion for Summary Judgment**

The motion for summary judgment addresses Plaintiff's contention that Defendant was deliberately indifferent to a serious medical need by not summoning medical assistance promptly.

### A. Deliberate Indifference to Serious Medical Need Standard

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. Id. at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059-60.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

### B. Analysis

The following facts are summarized from the Court's ruling on defendant's first motion for summary judgment, where said facts were undisputed. They remain so here.

Plaintiff is confined to a wheelchair without the use of his legs. On March 18, 2005, Plaintiff was in the general population and living in a cell for disabled inmates. At that time, prison authorities decided that the building in which Plaintiff was housed would be used entirely for administrative segregation inmates, a decision that required general population inmates such as Plaintiff to be moved. Defendant, who was the Administrative Segregation Lieutenant on duty

that night, was informed that Plaintiff was refusing to move. (Plaintiff disputes whether he, in fact, refused, but the point is not relevant to the issue here). Defendant talked with Plaintiff for ten to fifteen minutes in an attempt to get him to move; ultimately, however, Defendant grasped the handles of the wheelchair and tried to pull Plaintiff backwards out of the cell. The parties dispute the exact cause, but whatever the cause, Plaintiff fell to the floor.

Plaintiff contends he defecated and urinated on himself when he fell, and that he lay on the floor in great pain without medical help or care for two hours. (Decl. Ellis [7/15/11] at ¶¶ 14-17.) Defendant contends that he called for medical help promptly and that a nurse arrived within five or ten minutes. (Decl. Bennett [5/25/10] at ¶¶ 16-17.) It is the purported two-hour delay in obtaining medical care that Plaintiff contends constitutes Defendant's deliberate indifference to a medical need.

The Court presumes that Plaintiff did have a serious medical need for care. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (serious medical needs include failure to provide care that results in "unnecessary and wanton infliction of pain"). As to the indifference prong of the claim, the Court concludes that there would be a triable issue whether Defendant was deliberately indifferent if Plaintiff could show a genuine dispute as to whether he let Plaintiff lie on the floor for two hours, knowing he was a paraplegic and had recently been operated upon. That is, the result here depends on whether there is or is not a genuine dispute as to the length of time Plaintiff lay on the floor.

It is undisputed that a nurse arrived at about 9:15 in response to a call by defendant for medical assistance. The question, however, is when the fall occurred. Plaintiff says that it was about 7:15 p.m. (Decl. Ellis [7/15/11] at ¶ 8.) Defendant puts it between 9:10 p.m. and 9:15. p.m. (Decl. Bennett [5/25/10]at ¶¶ 10-17.)

Supporting Defendant's version of the time of the incident are statements written on the day of the incident by officers Negron (at "approximately 2105" Defendant ordered Plaintiff to make the cell move); O'Kane (at "approximately 2105 hours" observed Defendant give Plaintiff direct order to "exit his cell"); Mirabal (at "about 2110 hours" arrived at Plaintiff's cell and

3

observed him lying on the floor); Ruiz (at "approximately 2110" Defendant "was contacted" with regard to Plaintiff's refusal to leave his cell); and Garcia (at "approximately 2110" Defendant ordered Plaintiff to leave the cell). (Decl. Brinkman [5/25/10], Ex. C at AG 18-22.) Also supporting Defendant's version is the log book for the unit, which shows that the cell moves did not begin until 8:40 pm, after the time Plaintiff contends he fell. (Supp. Decl. Brinkman at 3.)

Supporting Plaintiff's version of the time is his own declaration, which, in ordinary circumstances, might be sufficient to generate a genuine dispute on the point. See Rodriguez v. Airborne Express, 265 F.3d 890, 902 (9th Cir. 2001) ("[S]elf-serving affidavits are cognizable to establish a genuine issue of material fact so long as they state facts based on personal knowledge and are not too conclusory."). However, here there is an additional piece of evidence; namely, Plaintiff's own administrative appeal (grievance), written three days after the event. (Decl. Brinkman [5/25/10], Ex. A at AG 11.) In the grievance Plaintiff states that Defendant pulled his wheelchair backwards, causing him to fall, at "2150 hr." (Id.) Plaintiff's own assertion in the grievance that the incident occurred at 9:50 p.m. obviously is inconsistent with his contention now that it happened at 7:15 p.m., and inconsistent with his contention here that he lay on the floor for two hours before being given medical care. He provides no explanation for the inconsistency.

In Scott v. Harris, 550 U.S. 372 (2007), the Supreme Court discussed whether a Plaintiff's affidavit as to events occurring in a police chase could generate a genuine issue of material fact when it was contradicted by a video tape of the chase. Id. at 378-80. The Court said:

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. Fed. Rule Civ. Proc. 56(c). As we have emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586–587 (1986) (footnote omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

Scott, 550 U.S. at 380 (italics in original). As the Court said in Anderson, "[i]f the evidence [of

4

the party opposing summary judgment] is merely colorable, [citation omitted], or is not significantly probative, [citation omitted], summary judgment may be granted." 477 U.S. at 249-50.

Here, Plaintiff's bare contention that he fell at 7:15 p.m. is contradicted by his own statement in a formal grievance, and implicitly contradicted by his failure to include in the grievance any contention that he was left lying on the floor for two hours or that he was denied speedy medical care. (Decl. Brinkman [5/25/10] at AG 11.) For these reasons, the Court concludes that this case is similar to Scott in that no reasonable jury could believe Plaintiff's version.[1] There thus is no genuine dispute of material fact as to the time of the fall, and no triable fact issue as to whether Plaintiff was left to lie on the floor without medical care for two hours. The motion for summary judgment will be granted.

## **CONCLUSION**

In light of the foregoing, Defendant Bennett's supplemental motion for summary judgment (docket no. 42) is GRANTED. The clerk shall close the file.

IT IS SO ORDERED.

DATED: 3/13/12

                                    _Saundra B Armstrong_
                                    SAUNDRA BROWN ARMSTRONG
                                    United States District Judge

---

[1] Additionally, the record contains a notice that Plaintiff signed with regard to his grievance. (Decl. Brinkman [5/25/10], Ex. A at AG 15.) The notice informed Plaintiff that he could be charged with a criminal misdemeanor or be subject to prison disciplinary action if the officer misconduct complaint contained a false statement. (Id.) Although this may not render Plaintiff's statement in the grievance the equivalent of sworn deposition testimony, it is at least analogous. And the Ninth Circuit recognizes the "sham affidavit" rule, in which the non-moving party cannot create a genuine dispute of material fact by filing an affidavit that contradicts prior sworn deposition testimony. Van Asdale v. Int'l Game Tech., 577 F.3d 989, 998 (9th Cir. 2009).

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN ELLIS,

    Plaintiff,

v.

J.D. BENNETT et al,

    Defendant.

Case Number: CV09-00247 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 14, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Benjamin F. Ellis P16230
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: March 14, 2012

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

6